UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN KENNETH LEADINGHAM,

                    Plaintiff,                    Case No. 1:12-cv-773

v.                                                Honorable Janet T. Neff

UNKNOWN PART(Y)(IES),

                    Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner.  The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay an initial partial filing fee when funds are available.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Brian Kenneth Leadingham presently is incarcerated at the Richard A. Handlon Correctional Facility.  The Defendant in this action is identified only as a "Mental Health Case Worker."  (Compl., docket #1, Page ID#1.)

According to the complaint and its attachments, which are barely intelligible, Plaintiff is qualified as disabled for purposes of receiving social security.  Plaintiff also asserts that he has "Indain Hairtage [sic]."  (Compl., docket #1, Page ID#3.)

Attached to the complaint is a document directed at the Van Buren County Circuit Court, containing quasi-legal ramblings regarding Plaintiff's right to a trial by jury.  (*See* docket #1, Page ID##6-9.)  Also attached to the complaint is a prisoner grievance form asserting that Plaintiff is "looking into" issues regarding his parole violation, and indicating that he needs to contact his bank to obtain funds and back payments from social security.  (*See* docket #1, Page ID#10.)

Plaintiff purports to bring this action under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 114 Stat. 803, 42 U.S.C. § 2000cc *et seq.*, and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

**Discussion**

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

- 2 -

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. § 1915(e)(2)(B)(i)).

Plaintiff's case deserves little discussion.  The complaint alleges no facts that would give rise to a claim under RLUIPA, § 1983 or *Bivens*.  It does not allege that the exercise of Plaintiff's religion has been burdened, as is necessary to state a claim under RLUIPA. *See* 42 U.S.C. §§ 2000cc(a)(1), 2000cc–1(a) (prohibiting burdens on the exercise of religion).  Nor does it allege a deprivation of a constitutional right by a person acting under color of law, as is necessary to state a claim under § 1983 or *Bivens*.  *See ArtTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004).  Indeed, it is not even clear who the Defendant is or why it is being sued; there is no mention of a mental health caseworker in the body of the complaint. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing the complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762,

- 3 -

764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).   Consequently, Plaintiff's action must be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  January 30, 2013                          /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge

- 4 -